UNITED STATES DISTRICT COURT
NORTHEASTERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEROY LAWRENCE<br>et al., | ) ) ) | CASE NO. 3:04CV7339 |
| Plaintiffs, | ) ) | |
| Vs. | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| VILLAGE OF EDON,<br>et al., | ) ) ) | OPINION AND ORDER |
| Defendants. | ) ) | |

### CHRISTOPHER A. BOYKO, J:

This matter is before the Court upon the Motion to Dismiss of Defendants, Village of Edon, Dennis Fenstermaker and Mary Trausch, and upon two Motions to Amend brought by Plaintiffs, Leroy Lawrence and Kevin Hager. For the reasons that follow, the Motion to Dismiss is denied in part and granted in part. The first Motion to Amend is granted and the second Motion to Amend is denied.

### I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) requires that the party moving for dismissal show that the plaintiff has failed to make a claim upon which relief can be granted and that the plaintiff can prove no set of facts upon which relief can be granted. In reviewing a motion to dismiss the court must consider all claims of the plaintiff as true. It is well determined that bare legal assertions and conclusory allegations of unconstitutional conduct without specific claims of fact fail to state a claim upon which relief can be granted. See *Schied v. Fanny Farmer Candy Shops Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) and *Chapman v. City of Detroit*, 808 F.2d 459, 465

(6th Cir. 1986).

Federal Rule of Civil Procedure 15 (a) states that "a party may amend the party's pleading only by leave of court... and leave shall be freely given when justice so requires." In *Forman v. Davis*, 371 U.S. 178 (1962), the Supreme Court laid out several reasons for which an amendment should not be allowed, including prejudice to the other party and futility. *Id.* at 182. The Court went on to find that the "grant or denial of an opportunity to amend is within the discretion of the District Court". *Id.*

## II. FACTUAL BACKGROUND

The Village of Edon is located in Williams County, Ohio. Since 1986 Leroy Lawrence ("Lawrence") has held the position of Village Marshall for the Village of Edon ("Edon"). In 2002 Dennis Fenstermaker ("Fenstermaker") was elected as the Mayor of Edon. Mary Trausch ("Trausch") is an elected Councilwoman of Edon, and also Chairperson of the Williams County Republican Party. Kevin Hager ("Hager") was an employee of Edon during the times material to this case. The Plaintiffs claim that the Defendants have violated their Civil Rights under 42 U.S.C. § 1983 and that the Defendants have violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA").

### a. The 42 U.S.C. § 1983 Claim.

The original Complaint alleges that Lawrence had been suspended with pay and benefits from his job as Village Marshall on May 17, 2004, but had not been given an opportunity to defend himself. The first Amended Complaint adds the allegation that Lawrence was then terminated by action of the Village Council on June 25, 2004. Lawrence claims that his suspension and termination were in retaliation for his exercise of free speech, and thus violate 42

U.S.C. § 1983.

Lawrence claims that around November of 2003, Trausch called Lawrence and told him not to run for Williams County Sheriff, implying that there would be adverse consequences if he did run. Lawrence further alleges that a week later, Fenstermaker called and asked him if he was planning to run for County Sheriff, if he had the money to run, and if he was prepared for negative publicity, including revealing a verbal reprimand Fenstermaker had given Lawrence. Lawrence did run for County Sheriff, but lost in the primary election on March 2, 2004. Lawrence claims that after the primary election, the Defendants acted to deprive him of his position eventually leading to his suspension and termination.

Lawrence received a letter from Fenstermaker informing him of his suspension and directing him to the applicable authority in Ohio Revised Code Section 737.17.1. Lawrence claims that he was not given the proper opportunity to defend himself.

The Plaintiffs filed their First Motion to Amend on July 6, 2004. They seek to add the allegations that Lawrence was terminated from his job on June 25, 2004; the Village Council held a meeting without him to vote on his termination; and that his suspension with pay was without business justification.

### b. The FLSA Claim

The Plaintiffs also claim that they are entitled to the rights, protection and benefits provided under the FLSA. The Plaintiffs allege that since May 28, 2001, they have worked in excess of the hourly levels specified in 29 U.S.C. §207 and are therefore entitled to overtime pay. The Complaint fails to identify the position held by Kevin Hager, fails to allege that Leroy Lawrence is an employee, and fails to allege that the village of Edon is an employer, subject to

3

the provisions of the FLSA.

Plaintiffs filed a second Motion to Amend Complaint on August 29, 2005, seeking to add Donald R. Saxton ("Saxton") as a plaintiff. They claim that Saxton was hired by the Defendants as a part-time police officer in October 2004, and that he is owed overtime pay under the FLSA. They further claim that Trausch and Fenstermaker promised Saxton the job of Village Marshall, and his reliance upon that promise caused him to lose other employment opportunities.

### III. ANALYSIS AND DECISION

a) Defendants' Motion to Dismiss the 42 U.S.C. §1983 Claim is denied. Considering all the Plaintiffs allegations as true, they have made sufficient claims under which relief can be granted for a violation of 42 U.S.C. §1983. The required showing for a §1983 claim is 1) that the Defendants acted under color of law, and 2) that the Plaintiffs have been deprived of a constitutional right.

The Defendants direct Lawrence to the authorizing statute in the letter notifying Lawrence of the suspension. Consequently, their employment decision was an act under color of state law.

Lawrence has asserted that his suspension resulted in the "loss of the opportunity to be able to continue the gainful employ in which he has been engaged for the prior years, loss of future earnings and front-pay, loss of reputation, humiliation, embarrassment, and loss of self-esteem." Lawrence also claims that the suspension was in retaliation for his exercise of free speech. While the Defendants claim Lawrence was still receiving benefits at the time of filing and thus was not injured, Lawrence's contention of retaliation and other injuries overcomes this. Lawrence has sufficiently alleged violations of a protected constitutional right by the Defendants,

4

and facts which could support these claims. The Defendants' Motion to Dismiss the § 1983 claim must be denied.

b) The Plaintiffs First Motion to Amend the Complaint is granted. The additions sought in the first Amended Complaint do not prejudice the Defendants. The Amendment clarifies the retaliatory termination claim as well as the due process claim.

c) The Defendants Motion to Dismiss the FLSA claims is granted. Considering all the Plaintiffs allegations as true, they have failed to make any claim upon which relief can be granted under the FLSA. In the Motion to Dismiss. the Defendants assert Lawrence is exempt from the FLSA under 29 U.S.C. 213(a) as an "employee employed in a bona fide executive. administrative, or professional capacity." The Defendants further assert that Lawrence satisfies the three short tests of (1) Duties; (2) Salary Level; and (3) Salary Basis used to determine employee exemption under C.F.R. Secs. 541.1, 541.1.(f); 541.118; 541.2 and 541.3.

The Defendant also contend that the Village and the Village officials are exempt from FLSA under 29 U.S.C. Sec. 213(b)(20). Subsection 20 exempts "any employee of a public agency who in any workweek is ... employed in law enforcement activities, if the public agency employs less than 5 employees in ... law enforcement activities.".

While the Plaintiffs do make claims that could survive dismissal *if they or the Defendants were not exempt* under the statute, the failure to make any allegation of qualification under the FLSA is fatal. Because the question of exemption is a specific fact necessary to support an FLSA claim, the Plaintiff's failure to allege any facts that they are not exempt is equivalent to failing to state a claim upon which relief can be granted. Consequently, the Defendants' Motion to Dismiss the Fair Labor Standards claims is granted.

5

d) The Plaintiffs Second Motion to Amend the Complaint is denied. The original Complaint was filed on June 1, 2004. The proposed second Amended Complaint seeks to add Donald R. Saxton as a plaintiff and recites that Mr. Saxton was first hired by the Defendants in October 2004. The claims do not arise from the same set of facts and are not related.

Furthermore, as discussed *supra,* the Plaintiffs' claims of overtime are dismissed. Because the overtime claim is dismissed the amendment would be dismissed on the same grounds. Therefore, adding this additional plaintiff and claim to the Complaint would be futile.

## IV. CONCLUSION

Defendants' Motion to Dismiss is denied in part and granted in part. It is denied as to the civil rights claim and granted as to the Fair Labor Standards Claim. Plaintiffs' July 6, 2004 Motion to Amend the Complaint is granted. Plaintiffs' August 29, 2005 Motion to Amend is denied.

IT IS SO ORDERED.

11/9/05
Date

*Christopher A. Boyko*
CHRISTOPHER A. BOYKO
United States District Judge